**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
KANSAS CITY-LEAVENWORTH DIVISION**

| | |
|---|---|
| ACUITY, a MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No. 13-CV-02494-JAR-GLR |
| v. | ) ) ) |
| MARK STEPHENS, d/b/a STEPHENS CONSTRUCTION; AND GUTTERGLOVE, INC., | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO
DEFENDANT GUTTERGLOVE, INC.'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff *ACUITY*, a Mutual Insurance Company ("Acuity"), pursuant Local Rule 6.1, moves the Court for an extension of time in which to respond to Defendant Gutterglove, Inc.'s Motion for Summary Judgment (Doc. Nos. 39 and 40), to and including sixty (60) days after the close of discovery in this matter, and in support states:

1. This is a declaratory judgment action that seeks this Court's determination of whether Acuity has any duty to defend or to indemnify its insured, defendant Mark Stephens, with respect to claims that have been asserted against him by defendant Gutterglove, Inc. ("Gutterglove").

2. Gutterglove filed its motion for summary judgment, seeking a determination that Acuity owes a duty to defend and to indemnify Stephens, on June 19, 2014.

3. Discovery regarding coverage issues is presently set to close on July 18, 2014 (Doc. No. 18).

4. The parties previously agreed, and the Court ordered, that motions for summary judgment regarding the coverage issues would be filed after the close of discovery, by August 22, 2014. *See* Doc. No. 18.

5. Acuity served written discovery upon Gutterglove in March 2014, which seeks discovery of matters that are relevant to the coverage issues, including:

- the dates on which the events that form the basis of Gutterglove's claims occurred, to determine if these are within the policy period;

- the type of claims and damages alleged by Gutterglove, to ascertain whether these fall within the insuring provisions of the policy, in that they are not claims for "bodily injury" or "property damage," and only certain numerated offenses are covered by the policy's "advertising injury" coverage; and

- whether any exclusions apply, including the exclusion for conduct by the insured that was performed with knowledge that it would cause "advertising injury" or otherwise violate the rights of others.

6. Gutterglove first sought an extension of time to respond to discovery, then served objections to <u>each and every interrogatory and request for production, providing no information and producing no documents</u>.

7. The parties initially agreed to posture this case for a "phased" resolution of the coverage questions while staying Gutterglove's cross-claim against defendant Stephens, which was then pending in this action. After new counsel entered an appearance for Gutterglove, it then reversed its prior position and agreement, and has refused and continues to refuse to respond to coverage-related discovery.

8. Following attempts to meet and confer, which are certified in Acuity's Motion to Compel (Doc. Nos. 43 and 44), and a telephone conference with Judge Rushfelt on June 19, Gutterglove maintains its objections and has not, as of the filing of this motion, provided any substantive responses to Acuity's first written discovery.

9. Acuity filed its Motion to Compel and Memorandum of Law in Support on June 20. Gutterglove has not yet responded, and there is as yet no ruling on the motion.

10. Acuity does not anticipate that the discovery dispute with Gutterglove will be resolved prior to the July 10 deadline for it to respond to Gutterglove's motion for summary judgment.

11. Acuity files, concurrently herewith, a motion to extend the close of discovery, based upon this ongoing and intractable discovery dispute with Gutterglove. *See* Doc. No. 47.

12. Gutterglove's motion for summary judgment sets forth a purported "statement of uncontroverted material facts," which Acuity is not prepared to refute at this time, having been denied any information or documents from Gutterglove relevant to the factual matters that are in dispute regarding coverage.

13. This action seeks a declaration from this Court regarding both the duty to defend and the ultimate duty to indemnify Mr. Stephens with respect to Gutterglove's claims. Acuity issued the policy at issue to Mr. Stephens in the state of Kansas. With respect to the duty to defend, Kansas does not follow the "eight-corners" rule that limits the analysis to only those allegations contained in the complaint or petition. "Under Kansas law, lawsuit pleadings are merely a starting point for the duty to defend

analysis." *Miller v. Westport Ins. Corp.*, 288 Kan. 27, 34, 200 P.3d 419, 424 (2009). The allegations in the petition are "not dispositive." *Id.*

14. Kansas follows the "extrinsic evidence" approach or rule. *Miller*, 200 P.3d at 424. "Under [this] approach, the insurer's duty to defend still hinges on the potential for coverage, but the universe of information from which that potential must be ascertained is much greater [than the universe used in an approach limited to the 'eight corners' of a pleading and the applicable insurance policy]." *Id.*

15. Because the determination of Acuity's duty to defend its insured is governed by the consideration of evidence that is extrinsic to Gutterglove's petition against Mr. Stephens, discovery is not only appropriate, but required, in order for this Court to rule upon any motion for summary judgment regarding coverage issues. Furthermore, because the questions of both the duty to defend and the duty to indemnify are ripe for adjudication (as discussed more fully in Acuity's Motion to Compel, Doc. Nos. 43 and 44), facts that ultimately pertain to Acuity's duty to indemnify are also relevant and discoverable.

16. Pursuant to Local Rule 6.1(a)(1), and based upon discussions with counsel for defendants in connection with the Gutterglove discovery disputes and during the June 19 conference with Judge Rushfelt, Acuity believes that the defendants will oppose this motion.

17. Acuity has not previously requested an extension of time to respond to Gutterglove's motion for summary judgment.

WHEREFORE, Plaintiff *ACUITY*, a Mutual Insurance Company, requests that the Court enter its Order extending its deadline to respond to Gutterglove's Motion for

4

Summary Judgment (Doc. Nos. 39 and 40), to and including sixty (60) days following the close of discovery in this matter (which Acuity believes should be extended, for good cause shown in its Motion to Extend to Extend the Close of Discovery, filed concurrently herewith), and for any other and further relief as the Court deems just and proper.

  /s/ Angela M. Higgins
BAKER STERCHI COWDEN & RICE, L.L.C.
James R. Jarrow          KS #14287
Angela M. Higgins        KS #21141
51 Corporate Woods
9393 W. 110th St., Suite 500
Overland Park, Kansas 66210
Telephone:   (913) 451-6752
Facsimile:    (816) 472-0288
Email: jarrow@bscr-law.com
          higgins@bscr-law.com

*ATTORNEYS FOR PLAINTIFF*

CERTIFICATE OF SERVICE

I hereby certify that I filed the above and foregoing with the clerk of court via the CM/ECF system this 3rd day of July, 2014, which transmitted notice of the filing to:

Michael S. Jones
THE JONES LAW FIRM, P.A.
7015 College Boulevard, Suite 375
Overland Park, Kansas 66211
mike.jones@jones-law-firm.com
ATTORNEY FOR DEFENDANT
MARK STEPHENS, d/b/a STEPHENS
CONSTRUCTION

Jason B. Moore
DiPasquale Moore, LLC
4050 Pennsylvania Avenue, Suite 115
Kansas City, Missouri 64111
jmoore@dmlawkc.com

and

5

6

                    Kathryn A. Lewis
                    KUCKELMAN TORINE KIRKLAND & LEWIS
                    10740 Nall, Suite 250
                    Overland Park, KS 66211
                    klewis@ktklattorneys.com

                    ATTORNEYS FOR DEFENDANT GUTTERGLOVE, INC.


                      /s/  Angela M. Higgins

4839-0708-0988, v. 1