### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY,  )<br>  )<br>　　　　Plaintiff,　　　　　　　　　　 )<br>  )<br>v.　　　　　　　　　　　　　　　　　　 )<br>  )<br>MARK STEPHENS, d/b/a STEPHENS  )<br>CONSTRUCTION; and GUTTERGLOVE,  )<br>INC.,　　　　　　　　　　　　　　　　 )<br>  )<br>　　　　Defendants.　　　　　　　　　 )<br>_____) | Case No. 13-2494-JAR-GLR |

### MEMORANDUM AND ORDER

Plaintiff Acuity, a Mutual Insurance Company ("Acuity") brings this declaratory judgment action against its insured Mark Stephens, seeking a determination that it has no duty to defend or indemnify with respect to claims that have been asserted against Stephens by Defendant Gutterglove, Inc. ("Gutterglove"). Before the Court is Plaintiff Acuity's Motion for Extension of Time to Respond to Defendant Gutterglove's Motion for Summary Judgment (Doc. 48), seeking an extension of time to respond until sixty days after the completion of discovery. The motion is fully briefed and the Court is prepared to rule. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion for extension of time. With respect to the issue of whether the declaratory judgment action presents a case or controversy, Plaintiff shall respond by September 15, 2014. Plaintiff's motion is granted in part as to the remainder of the summary judgment motion under Fed. R. Civ. P. 56(d) until November 13, 2014.

### I.    Background

On February 11, 2014, the parties participated in a scheduling conference with Magistrate Judge Gerald L. Rushfelt. Under the Scheduling Order entered thereafter, "[e]arly discovery

should proceed without delay to address the issues of insurance coverage.  The Court will subsequently set a later deadline for completion of discovery relevant to the crossclaim."[1]  The discovery deadline was set for July 18, 2014, and a dispositive motions deadline on the issue of insurance coverage was set for August 22, 2014.

Notwithstanding the fact that discovery was not yet complete, Gutterglove filed a Motion for Summary Judgment on June 19, 2014.  The motion asserts three arguments: (1) the Court lacks jurisdiction to hear Acuity's declaratory judgment action because it does not raise an actual case or controversy; (2) summary judgment is appropriate on Acuity's request for a declaration that it has no duty to defend; and (3) summary judgment is appropriate on Acuity's request for a declaration that it has no duty to indemnify.  As to the second ground raised in its motion, Gutterglove maintains that the allegations in Gutterglove's suit against Stephens are a sufficient basis upon which this Court can make the coverage determination in this matter and therefore no further discovery is necessary.[2]

The day after Gutterglove's motion for summary judgment was filed, Acuity filed a motion to compel discovery.[3]  Acuity maintains that, after obtaining an extension to respond to Acuity's discovery requests, Gutterglove unjustifiably objected to every interrogatory and request for production served by Acuity.  The motion to compel is pending.  In the meantime, Acuity sought extensions of time to complete discovery, to respond to the motion for summary judgment, and to file dispositive motions.  Acuity maintains that in order to respond to summary

---

[1] Doc. 18 ¶ 2.e.

[2] *See* Doc. 40 at 2.

[3] Doc. 43.

judgment, it must be permitted to discover the information requested in its interrogatories and requests for production. Acuity submitted an affidavit, setting forth in detail the information it seeks in that discovery and why it is imperative to Acuity's ability to defend against the motion for summary judgment on the duty to defend issue.[4] Acuity requests an extension of time until sixty (60) days following the close of discovery.

On August 21, 2014, Judge Rushfelt granted Acuity's request for an extension of time to complete discovery, setting a new discovery deadline of October 16, 2014.

## II.     Discussion

Gutterglove opposes Acuity's request for an extension of time to respond to summary judgment, arguing that it did not file the appropriate procedure for delaying Acuity's response deadline set forth in Fed. R. Civ. P. 56(d). Under that rule, if a nonmovant states by affidavit that he cannot present facts essential to oppose a motion for summary judgment, the Court may, "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[5] Acuity replies that it properly sought an extension of time under Rule 6 and D. Kan. Rule 6.1, neither of which require an affidavit; Acuity also attached a Rule 56(d) affidavit to its reply brief.

Acuity's reason for seeking an extension is that it cannot present facts essential to oppose summary judgment on the question of insurance coverage because of the pending motion to compel and the failure to obtain any other discovery on that question so far. The Court agrees that given Acuity's basis for seeking an extension of time, it is appropriate to consider the

---

[4] Doc. 56, Ex. A.

[5] Fed. R. Civ. P. 56(d); *Price v. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).

request under Rule 56(d).  The decision whether to grant a Rule 56(d) motion lies within the sound discretion of the court.[6]  The nonmovant must satisfy several requirements to obtain relief under Rule 56(d).  By affidavit, he must explain: (1) why facts precluding summary judgment are unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has taken to obtain such facts; and (4) how additional time will allow him to controvert facts.[7]  "A party may not invoke Rule 56[d] by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion."[8]

The Court has reviewed Acuity's affidavit and finds that Acuity's request is well taken.  While Gutterglove is correct that the Court will be called upon on summary judgment to determine whether there is a "potential for liability, . . . [u]nder Kansas law, lawsuit pleadings are merely a starting point for the duty to defend analysis."[9]  The inquiry does not end with the pleadings, as "insurers must additionally consider actual facts of which it is or should be aware when evaluating its duty to defend."[10]  The Court agrees with Acuity that to the extent the motion for summary judgment seeks a declaration on the issue of whether it had a duty to defend, it is entitled to discovery before it should be required to respond to summary judgment because the issue should not be decided on the basis of pleadings alone.

However, the motion for summary judgment does not strictly address the merits of the

---

[6]*Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553–54 (10th Cir. 1993).

[7]*Price*, 232 F.3d at 783 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

[8]*Garcia v. United States Air Force*, 533 F.3d 1171, 1179 (10th Cir. 2008) (quotation omitted).

[9]*Miller v. Westport Ins. Corp.*, 200 P.3d 419, 424–25 (Kan. 2009).

[10]*Id.* at 424.

issue of whether Acuity has a duty to defend.  It raises a threshold jurisdictional argument about whether Acuity's declaratory judgment action presents an actual case or controversy, and if so, whether this Court should defer to the state court in this matter to decide the contract issue. These are legal questions for which no discovery should be necessary in order to respond.  The Court therefore denies in part Acuity's motion with respect to the jurisdictional questions. Plaintiff shall respond to the jurisdictional and abstention issues raised in Gutterglove's motion by September 15, 2014.  The Court defers ruling on the remainder of the motion for summary judgment pursuant to Fed. R. Civ. P. 56(d)(1).  If the case survives the jurisdictional inquiry, Plaintiff shall file a response to the remainder of the motion for summary judgment on or before November 13, 2014.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Acuity's Motion for Extension of Time to Respond to Defendant Gutterglove's Motion for Summary Judgment (Doc. 48), is granted in part and denied in part.  Plaintiff shall respond by September 15, 2014 to the jurisdictional and abstention issues raised in the motion for summary judgment.  If the case survives the jurisdictional inquiry, Plaintiff shall respond to the remainder of the motion for summary judgment on or before November 13, 2014.

Dated: August 25, 2014

                                         S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE