## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-2494-JAR-GLR |
| | ) | |
| MARK STEPHENS, d/b/a STEPHENS CONSTRUCTION; and GUTTERGLOVE, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Acuity, a Mutual Insurance Company ("Acuity") brings this declaratory judgment action against its insured Mark Stephens, seeking a determination that it has no duty to defend or indemnify with respect to claims that have been asserted against Stephens by Defendant Gutterglove, Inc. ("Gutterglove"). Before the Court is Plaintiff Acuity's Motion to Compel Discovery Responses from Defendant Gutterglove, Inc. (ECF 43) and Plaintiff Acuity's Motion to Extend the Deadline to File Dispositive Motions (ECF 59). The motions are fully briefed and the Court is prepared to rule. For the reasons set forth below, the Court grants both motions.

Acuity alleges that, because there is no duty to defend claims outside the insurance coverage, discovery is necessary to enable it to establish that there is no potential for coverage for Gutterglove's claims, for one or more of the following reasons: because the claims do not arise from occurrences within the policy period; because Gutterglove does not and cannot state a claim for a "covered offense" within the definitions of the Advertising and Personal Injury Coverage;

because Defendant Stephens breached his duties of notice and cooperation; and/or because a

reasonable person would have known that Stephens' conduct would violate the rights of

others—an applicable exclusion in the policy.[1]

Acuity maintains that, after obtaining an extension to respond to Acuity's discovery

requests, Gutterglove unjustifiably objected to every interrogatory and every request for

production served by Acuity.  Gutterglove has objected to Acuity's discovery requests,

contending that this action is not ripe for adjudication prior to a determination of Defendant

Stephens' liability to Gutterglove in the underlying action.  Gutterglove's standard objection to

the requests states as follows:

> Objection.  Gutterglove objects to this interrogatory [request] because it is premature and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Acuity has sought a declaratory judgment that Gutterglove's claims against Stephens do not trigger Acuity's duty to defend or indemnify Stephens.  The declaratory judgment is not ripe because Gutterglove has sought to dismiss its claim against Stephens.[2] Further, the information sought by this interrogatory has no bearing upon Acuity's duty to defend or indemnify Stephens.  The only information/documents necessary to determine Acuity's duty to defend Stephens, assuming without admitting that this issue is ripe for adjudication in this declaratory judgment, are Acuity's Policy issued to Stephens and Gutterglove's cross claim against Stephens.  Further, a decision on indemnity is premature until there is a judgment on Gutterglove's cross claim.  Acuity appears to be attempting to litigate Gutterglove's legal claims against Stephens, which it has no standing to do because it has refused to defend Stephens.[3]

---

[1]ECF 54 at 3–4.

[2]Gutterglove filed a Notice of Stipulation of Voluntary Dismissal of its Crossclaim against Defendant Stephens on May 7, 2014.  ECF 27.  Gutterglove's underlying Petition for Damages remains pending in the Circuit Court of Jackson County, Missouri.  *See* ECF 44–4.

[3]*See* ECF 44–2 and 44–3.

2

In its Motion for Summary Judgment pending before the District Judge, Gutterglove maintains that the allegations in its suit against Stephens are a sufficient basis upon which the Court can make the coverage determination in this matter and therefore no further discovery is necessary.[4]  Acuity filed a Motion for Extension of Time to Respond to Motion for Summary Judgment, claiming that in order to respond to summary judgment, it must be permitted to discover the information requested in its interrogatories and requests for production.  In ruling on Acuity's motion for extension of time, Judge Robinson made the following rulings:

> The Court has reviewed Acuity's affidavit and finds that Acuity's request is well taken.  While Gutterglove is correct that the Court will be called upon on summary judgment to determine whether there is a "potential for liability, . . . [u]nder Kansas law, lawsuit pleadings are merely a starting point for the duty to defend analysis."[5]  The inquiry does not end with the pleadings, as "insurers must additionally consider actual facts of which it is or should be aware when evaluating its duty to defend."[6]  The Court agrees with Acuity that to the extent the motion for summary judgment seeks a declaration on the issue of whether it had a duty to defend, it is entitled to discovery before it should be required to respond to summary judgment because the issue should not be decided on the basis of pleadings alone.[7]

The District Court held that the pending motion for summary judgment raises a threshold jurisdictional argument, involving legal questions for which no discovery is necessary in order for Acuity to respond to the motion.  The Court ordered Acuity to respond to the jurisdictional questions raised in the motion for summary judgment by September 15, 2014.  The Court further

---

[4] *See* Doc. 40 at 2.

[5] *Miller v. Westport Ins. Corp.*, 200 P.3d 419, 424–25 (Kan. 2009).

[6] *Id.* at 424.

[7] ECF 61 at 4.

held that if the case survives the jurisdictional inquiry, "Plaintiff shall file a response to the remainder of the motion for summary judgment on or before November 13, 2014."[8]

Based upon the ruling that Acuity is entitled to discovery on the issues involving its duty to defend, this Court finds that Gutterglove's objections to Acuity's discovery requests are without merit.  Furthermore, given the District Court's November 13, 2014 deadline for Acuity to respond to the duty to defend issues in the summary judgment motion, as well as the October 16, 2014 discovery deadline in this case,[9] the Court finds that Gutterglove must respond to the discovery forthwith.  The Court finds that Gutterglove shall respond to Acuity's outstanding discovery requests by September 26, 2014.

Acuity seeks its attorneys' fees and expenses reasonably incurred in filing its motion to compel, alleging that "Gutterglove's position is unjustified and it must be sanctioned for its obstruction of the discovery process."[10]  Pursuant to Fed. R. Civ. P. 37(a)(5), if the motion to compel is granted:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if: . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.[11]

Although the Court finds that Gutterglove's arguments are without merit, the Court will

---

[8]ECF 61 at 5.

[9]ECF 60.

[10]Doc. 54 at 10.

[11]Fed. R. Civ. P. 37(a)(5).

reserve any determination on the question of bad faith or a lack of substantial justification, pending any additional briefing.  If Acuity intends to further pursue sanctions, it should file any additional brief and suggestions for attorneys' fees within ten days of the date of this Memorandum and Order.  Gutterglove shall have ten days thereafter to file any response.

Acuity also filed a motion to extend the deadline for filing dispositive motions due to the pending discovery dispute.  Acuity is seeking an extension until ninety days after the Court's ruling on the motion to compel.  Defendants have not responded to the motion, and the time for responding has passed.  The Court grants the motion as unopposed and extends the deadline for filing dispositive motions to December 5, 2014.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Acuity's Motion to Compel Discovery Responses from Defendant Gutterglove, Inc. (ECF 43) is **GRANTED**. Gutterglove shall respond to Acuity's discovery requests by **September 26, 2014.**

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff Acuity shall file any additional briefing and suggestions for attorneys' fees and expenses within ten (10) days of the date of this Memorandum and Order.  Defendant Gutterglove shall have ten (10) days thereafter to file any response.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff Acuity's Motion to Extend the Deadline to File Dispositive Motions (ECF 59) is **GRANTED**.  The deadline for filing dispositive motions is extended to **December 5, 2014.**

Dated: September 5, 2014

s/Gerald L. Rushfelt
Gerald L. Rushfelt
U. S. Magistrate Judge

5